UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE SCALIA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>          *Plaintiff*,<br><br>          v.<br><br>WEAVER RACING, INC.., d/b/a WEAVER<br>RACING STABLE, INC., d/b/a WEAVER<br>RACING STABLES INC., d/b/a GEORGE<br>WEAVER RACING STABLE d/b/a<br>GEORGE WEAVER RACING STABLE<br>LLC, and GEORGE R. WEAVER, an<br>individual,<br><br>          *Defendants.* | Consent Judgment<br><br>No. 20-cv-3836-SJF-ARL |

## **CONSENT JUDGMENT**

Plaintiff, EUGENE SCALIA, the Secretary of Labor, has filed his complaint and Defendants WEAVER RACING, INC., d/b/a WEAVER RACING STABLES INC., d/b/a GEORGE WEAVER RACING STABLE, d/b/a GEORGE WEAVER RACING STABLE LLC, ("Corporate Defendant"), and GEORGE R. WEAVER (together, "Defendants") appeared by Counsel, waive their answer, and agree to the entry of this Consent Judgment without contest. By executing this Consent Judgment, Defendants waive formal service of the summons and complaint.

Defendants acknowledge that they have notice of and understand the provisions of this Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

I. Defendants admit that they violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("the Act" or "the FLSA") by failing to pay their employees overtime wages for all hours worked, and failing to make, keep, and preserve adequate and accurate records.

II. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Order.

III. Corporate Defendant admits that from at least August 1, 2015 through July 31, 2017 ("the relevant time period"), it was an employer, within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), of groomers and hot walkers in, among other locations, Elmont and Saratoga, New York.

IV. Defendant George R. Weaver admits that during the relevant time period he was an employer, within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), of groomers and hot walkers in, among other locations, Elmont and Saratoga, New York.

V. During the relevant time period, Defendants admit that they failed to keep complete and accurate wage and hour records.

VI. During the relevant time period, Defendants admit that they failed to pay certain of their employees overtime at one and one-half times the regular hourly rate for certain hours in excess of forty per week.

VII. In a related administrative matter, the Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Administrator"), pursuant to the H-2B provisions of the Immigration and Nationality Act (INA), as amended, 8 U.S.C.

§§ 1101(a)(15)(H)(ii)(b) *et seq.*, 1184(c)(14), and regulations at 20 CFR Part 655, subpart A (2008), 20 CFR Part 655, subpart A (2015), and 29 CFR Part 503 (2015), determined that during the relevant time period Defendants also committed violations relating to certain USCIS Forms I-129, Petition for a Nonimmigrant Worker (I-129 Petition), and Applications for Temporary Employment Certification filed under the 2008 and 2015 regulations (ETA Form 9142B with Appendix B). These claims, for which the Administrator assessed back wages and civil monetary penalties ("CMPs") separate and apart from the FLSA back wages and CMPs referenced elsewhere in this Consent Judgment, have been resolved through separate Consent Findings between the parties in the administrative matter pending before the DOL Office of Administrative Law Judges, captioned *In re Administrator v. Weaver Racing Inc.*, No. 2020-TNE-00046.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1.  Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("the Act"), in any of the following manners:

    a.  Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages

at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

b. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates, as required by 29 C.F.R. Part 778.

c. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

d. Defendants shall not discharge or take any retaliatory action against an employee, including soliciting the repayment of overtime compensation paid to any employee under this Consent Judgment or otherwise, because the employee engaged in or is believed to have engaged in any of the following activities:

   i. Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

   ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged

                violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

    iii.   Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

   e.   Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the United States Department of Labor ("U.S. Department of Labor"), or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

2.   Pursuant to the parties' agreement that unpaid overtime back wages are owed and shall be paid to the employees listed on Exhibit A, which is attached hereto, in the amount of $75,166.83, plus an equal additional amount of liquidated damages for unpaid overtime of $75,166.83, and FLSA civil money penalties in the amount of $15,147.00, for a total amount of $165,480.66, it is ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $75,166.83 in unpaid overtime back wages due Defendants' employees listed in Exhibit A. Further, Defendants shall pay a total of $75,166.83 in liquidated damages for unpaid overtime due Defendants' employees listed in Exhibit A and $15,147.00 in civil money penalties for recordkeeping and overtime violations of the Act. These payments shall be made by Defendants in accordance with Section 3 of this Consent Judgment.

3. The provisions of this Consent Judgment relative to back wages payments, liquidated damages payments, and civil money penalties shall be deemed satisfied, when Defendants make full payment via www.pay.gov, as further set forth below:

    a. On or before September 8, 2020, Defendants shall make a payment in the amount of the $150,333.66 in combined back wages and liquidated damages due, as follows:

        1. Go to https://pay.gov/public/form/start/77689032, select "Continue to Form" and complete the required fields.

           a. The "BW Case Number" is Case No. 1912065.

           b. The "Date of Assessment" is the date of the Judgment.

    b. On or before September 8, 2020, Defendants shall make a payment in the amount of $15,147.00 in assessed civil money penalties as follows:

        1. Go to https://pay.gov/public/form/start/77734139, select "Continue to Form" and complete the required fields.

           a. The "CMP Case Number" is Case No. 1912065.

           b. The "Date of Assessment" is the date of the Judgment.

4. The Secretary shall allocate and distribute the back wages, and the liquidated damages described in Section 3, less any legally required deductions, to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). Defendants remain responsible for paying the employers' share of any

applicable taxes to the appropriate local, state, and federal revenue authorities.

5. Within 30 calendar days of the date of entry of this Consent Judgment, Defendants shall provide the Secretary the social security number, if such is available, and all known addresses and phone numbers of each former or current employee listed in Exhibit A.

6. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any person listed on Exhibit A. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Section may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

7. Within 15 days of the entry of this Consent Judgment, Defendants shall display in conspicuous places throughout each of their establishments for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" in Spanish and English issued by, and available on the website of, the U.S. Department of Labor (currently available at https://www.dol.gov/agencies/whd/posters). Within 15 days of the entry of this Consent Judgment, Defendants shall also display in conspicuous places throughout each of their establishments for their employees' viewing the factsheet "Overtime Pay Requirements of the FLSA," in Spanish and English issued by, and available on the website of, the U.S. Department of Labor. (currently available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23.pdf; https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23span.pdf). Defendants shall maintain these postings permanently.

8.  Defendants shall distribute Spanish and English copies of the flyer entitled "Employee Rights under the Fair Labor Standards Act" (attached hereto as Exhibit B) and the factsheet entitled "Overtime Pay Requirements of the FLSA" (attached hereto as Exhibit C) to each current employee within 30 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide the current versions (as issued and updated by the U.S. Department of Labor and currently available on the Department's website at the links referenced in the Section) of the "Employee Rights under the Fair Labor Standards Act" poster and the "Overtime Pay Requirements of the FLSA" factsheet to any new employee who is hired by Defendants within three years following entry of this Consent Judgment, at the time of the employee's hire.

9.  Defendants shall implement the following provisions to ensure their compliance with the Act:

    a.  **Internal Controls.** Defendants shall designate a human resources manager or bookkeeper ("Compliance Officer") to serve as point person for pay practice compliance, including but not limited to the Act's requirement that Defendants' non-exempt employees, including non-exempt H-2B employees, are paid premium pay, at a rate of time and one-half their regular rate, for the hours they work in excess of 40 in a workweek, and the Act's requirement that Defendants maintain accurate hours of their employees' work.

        i.  Defendants shall designate the Compliance Officer within 60 days from the date of entry of this Judgment, and shall maintain the position of Compliance Officer for a minimum of three years following the entry of this Judgment.

ii. The Compliance Officer must have payroll or human resources experience, familiarity with this Judgment and the Act, and familiarity with the wage-related requirements of the H-2B provisions of the INA and any Temporary Employment Certifications filed by Defendants pursuant to those H-2B provisions.

iii. Within 30 days of designation of the Compliance Officer, Defendants shall provide a written description of the Compliance Officer's responsibilities to the Compliance Officer, and the Compliance Officer shall sign a written certification that they have read and understood this Consent Judgment and their responsibilities as related to this Consent Judgment.

iv. For a three-year period following the entry of this Judgment, Defendants will provide the Secretary with the name of the designated Compliance Officer and a copy of the signed certification described in section 9a(iii) within 10 days of a written request by the Secretary.

b. **Timekeeping and Payroll.** Defendants shall implement and utilize an electronic timekeeping system to ensure that all hours worked by all non-exempt employees at each of Defendants' locations are recorded accurately.

i. Defendants shall complete installation of the electronic timekeeping system at each of Defendants' locations within 60 days from the date of entry of this Judgment.

ii. Within 30 days of the installation of the electronic timekeeping system or 14 days of employees' arrival at their place of employment,

9

whichever is later, Defendants at their expense will provide training for all employees on the proper use of the electronic timekeeping system in languages understandable to the employees (including but not limited to English and Spanish) and will pay employees for that training time in compliance with the Act.

iii. Defendants shall not edit or alter employees' hours worked in the timekeeping system in any way that does not accurately reflect employees' actual hours worked.

iv. Defendants shall not request, require, or otherwise cause employees to perform work "off the books" (not recorded in the timekeeping system).

v. If employees perform any work for Defendants before or after employees' scheduled shifts or perform any work for Defendants not recorded in the timekeeping system, Defendants shall ensure that such time is recorded in accordance with the Act and 29 C.F.R. Part 516, and is compensated by Defendants in accordance with the Act.

vi. Defendants shall pay wages to employees based on the hours they work during each applicable pay period, including any applicable overtime premium, in accordance with the Act and its implementing regulations, including but not limited to 29 C.F.R. Part 775 and Part 778.

vii. In the event that the electronic timekeeping system is temporarily nonoperational, Defendants shall use other means for keeping accurate records of all hours worked by their employees in accordance with the Act and 29 C.F.R. Part 516.

**c. Training for Defendants' assistant trainers, forepersons, and other supervisors.**

    i. Within 60 days of entry of the Consent Judgment, Defendants shall train all of their assistant trainers, forepersons, and any other supervisory employees or employees with responsibilities for overseeing employees' hours worked, on how to properly record hours worked, how to calculate and record breaks and meal periods, what constitutes compensable time under the Act, the minimum wage and overtime provisions of the Act, the wage-related requirements of the H-2B provisions of the INA, and on the rights of workers to engage in activities protected by the Act without fear of retaliation. For a minimum of three years following the entry of the Consent Judgment Defendants agree to provide the same training to all newly hired or newly promoted assistant trainers, forepersons, and any other supervisory employees or employees with responsibilities for overseeing employees' hours worked, within 60 days of their start date in such positions. Any employee who is rehired will be considered a new hire for the purposes of the training requirements set forth in this Section.

    ii. For a period of three years from the entry of this Consent Judgment, Defendants shall maintain a log of training certifications for all training provided pursuant to Section 9c(i), signed by the employees receiving such training. Defendants shall produce the log to the Secretary within ten days of the Secretary's written request.

10. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after July 31, 2017.

11. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

12. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

The Clerk of the Court is directed to close the case.
SO ORDERED:

DATED:     August 28, _____, 2020
           Central Islip, New York

                              /s/ Sandra J. Feuerstein
                              HONORABLE
                              UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

WEAVER RACING, INC.., d/b/a WEAVER RACING STABLE, INC., d/b/a WEAVER RACING STABLES INC., d/b/a GEORGE WEAVER RACING STABLE d/b/a GEORGE WEAVER RACING STABLE LLC

BY:     _____
        GEORGE R. WEAVER
        Sole owner and President

        GEORGE R. WEAVER, Individually
BY:     _____

12

NADIA M. PERVEZ, ESQ.
Pervez & Rehman, P.C.
68 South Service Road, Suite 100
Melville, New York 11747
Phone: 631-427-0700
npervez@pervezrehman.com
*Attorneys for Defendants*

STATE OF New York )

 :SS:

COUNTY OF Nassau )

On the 20 day of August , **2020** before me came **GEORGE R. WEAVER**, to me

known, who, being by me duly sworn, did depose and say that he is a duly authorized officer

of **WEAVER RACING, INC.., d/b/a WEAVER RACING STABLE, INC., d/b/a**

**WEAVER RACING STABLES INC., d/b/a GEORGE WEAVER RACING STABLE**

**d/b/a GEORGE WEAVER RACING STABLE LLC** described in and which executed the

foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

DENISE SPAMPINATO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SP6234680
Qualified in Nassau County
My Commission Expires 01-24-2023

STATE OF New York )

 :SS:

COUNTY OF Nassau )

On the 20 day of August , **2020** before me came **GEORGE R. WEAVER**, to me

known and known to me to be the individual described in and who executed the foregoing

instrument and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DENISE SPAMPINATO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SP6234680
Qualified in Nassau County
My Commission Expires 01-24-2023

14

**Scalia v. Weaver Racing Inc., et ano., 20-cv-3836-SJF-ARL**
**Consent Judgment - Exhibit A**

|  | Employee Name | Back Wages (BW) | Liquidated Damages for Unpaid Overtime[1] (LD) | Total - BW and LD |
|---|---|---|---|---|
| 1 | Adrian G. Rodriguez | $1,003.12 | $1,003.12 | $2,006.24 |
| 2 | Antonio Hernandez | $11.17 | $11.17 | $22.34 |
| 3 | Carlos Alberto Rodriguez Hernandez | $393.72 | $393.72 | $787.44 |
| 4 | Carlos Cruz | $169.72 | $169.72 | $339.44 |
| 5 | Christian Martinez | $107.14 | $107.14 | $214.28 |
| 6 | Diego G. Juarez | $18.87 | $18.87 | $37.74 |
| 7 | Eduardo Becerra Lopez | $1,311.40 | $1,311.40 | $2,622.80 |
| 8 | Eduardo Garcia | $53.58 | $53.58 | $107.16 |
| 9 | Eduardo Rodriguez | $2,686.47 | $2,686.47 | $5,372.94 |
| 10 | Elias Olmedo Damian | $1,849.09 | $1,849.09 | $3,698.18 |
| 11 | Enrique Garcia Alvarado | $793.32 | $793.32 | $1,586.64 |
| 12 | Felipe Cortes | $478.51 | $478.51 | $957.02 |
| 13 | Floridalma Perez | $375.80 | $375.80 | $751.60 |
| 14 | Gilberto Rodriguez Garcia | $2,590.92 | $2,590.92 | $5,181.84 |
| 15 | Guillermo Garcia Cardenas | $677.78 | $677.78 | $1,355.56 |
| 16 | Guillermo Torres Rodriguez | $2,039.83 | $2,039.83 | $4,079.66 |
| 17 | Gustavo De Jesus Martinez | $362.89 | $362.89 | $725.78 |
| 18 | Hernan Castro | $6.30 | $6.30 | $12.60 |
| 19 | J. Doe 1 | $667.98 | $667.98 | $1,335.96 |
| 20 | J. Doe 2 | $333.60 | $333.60 | $667.20 |
| 21 | James McPherson | $267.90 | $267.90 | $535.80 |
| 22 | Jesus Moreno | $3,608.95 | $3,608.95 | $7,217.90 |
| 23 | Jesus Perez | $2,818.28 | $2,818.28 | $5,636.56 |
| 24 | Jorge Garcia | $1,108.75 | $1,108.75 | $2,217.50 |
| 25 | Jose Alfredo Hernandez | $1,916.90 | $1,916.90 | $3,833.80 |
| 26 | Jose Castro | $1,462.09 | $1,462.09 | $2,924.18 |

---

[1] As set forth in the body of this Consent Judgment, liquidated damages are part of the total restitution agreed by the parties as owed, pursuant to 29 U.S.C. §§ 216(c) and 217, to the employees listed on this Exhibit A. The liquidated damages are "'compensation to the employee[s] occasioned by the delay in receiving wages due caused by the employer[s'] violation of the FLSA.'" *United States v. Sabhnani*, 599 F.3d 215, 260 (2d Cir. 2010) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013) (noting that the statutory purpose of liquidated damages is to "remunerate aggrieved employees"); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("[T]he liquidated damage provision is not penal in its nature, but constitutes compensation for the retention of [employees'] pay" necessary "to insure restoration of the worker[s]").

| | Employee Name | Back Wages (BW) | Liquidated Damages for Unpaid Overtime[1] (LD) | Total - BW and LD |
|---|---|---|---|---|
| 27 | Jose Garcia | $3,088.02 | $3,088.02 | $6,176.04 |
| 28 | Jovany Juarez Gutierrez | $1,220.64 | $1,220.64 | $2,441.28 |
| 29 | Juan Oseguera | $203.94 | $203.94 | $407.88 |
| 30 | Juan Pablo Ortega Hernandez | $950.70 | $950.70 | $1,901.40 |
| 31 | Juan Rico | $69.49 | $69.49 | $138.98 |
| 32 | Julio C. Castro Garcia | $3,219.27 | $3,219.27 | $6,438.54 |
| 33 | Laura Jimenez | $560.05 | $560.05 | $1,120.10 |
| 34 | Lucio A. Gayosso Rosillo | $1,685.12 | $1,685.12 | $3,370.24 |
| 35 | Luis A. Ruiz Torres | $3,740.33 | $3,740.33 | $7,480.66 |
| 36 | Luis Fernandez | $4,493.06 | $4,493.06 | $8,986.12 |
| 37 | Luis Guillen | $1,944.29 | $1,944.29 | $3,888.58 |
| 38 | Luis Moreno | $2,964.19 | $2,964.19 | $5,928.38 |
| 39 | Luis Torres Garcia | $221.41 | $221.41 | $442.82 |
| 40 | Marco Rodriguez | $3,887.37 | $3,887.37 | $7,774.74 |
| 41 | Maria Beatrice Hernandez | $1,674.79 | $1,674.79 | $3,349.58 |
| 42 | Maria Lopez | $133.95 | $133.95 | $267.90 |
| 43 | Mario Castro | $3,683.09 | $3,683.09 | $7,366.18 |
| 44 | Mauricio G. Alvarado | $3,877.62 | $3,877.62 | $7,755.24 |
| 45 | Miguel Perez | $2,729.97 | $2,729.97 | $5,459.94 |
| 46 | Otto Garcia | $44.65 | $44.65 | $89.30 |
| 47 | Pedro Fragoso-Perez | $231.01 | $231.01 | $462.02 |
| 48 | Pedro Morales | $520.55 | $520.55 | $1,041.10 |
| 49 | Pedro Rivera Oliver | $2,123.13 | $2,123.13 | $4,246.26 |
| 50 | Rhadames Tejada Duran | $115.52 | $115.52 | $231.04 |
| 51 | Ramiro Mendoza | $1,234.55 | $1,234.55 | $2,469.10 |
| 52 | Rasheed Pinnock | $54.03 | $54.03 | $108.06 |
| 53 | Ricardo Becerra Mujica | $289.50 | $289.50 | $579.00 |
| 54 | Roberto Bravo | $307.87 | $307.87 | $615.74 |
| 55 | Ruben Garcia-Rodriguez | $18.87 | $18.87 | $37.74 |
| 56 | Sandra Ramirez | $712.37 | $712.37 | $1,424.74 |
| 57 | V. Martinez | $104.46 | $104.46 | $208.92 |
| 58 | Victor Lopez | $550.83 | $550.83 | $1,101.66 |
| 59 | Victor Perez Cruz | $1,398.11 | $1,398.11 | $2,796.22 |
| | **Total** | **$75,166.83** | **$75,166.83** | **$150,333.66** |

**Scalia v. Weaver Racing Inc., et ano., 20-cv-3836-SJF-ARL**
**Consent Judgment – Exhibit B**

# DERECHOS DE LOS TRABAJADORES

## BAJO **LA LEY DE NORMAS JUSTAS DE TRABAJO** (FLSA–siglas en inglés)

## SALARIO MÍNIMO FEDERAL

# $7.25 POR HORA

### A PARTIR DEL 24 DE JULIO DE 2009

La ley exige que los empleadores exhiban este cartel donde sea visible por los empleados.

**PAGO POR SOBRETIEMPO**

Por lo menos tiempo y medio (1½) de la tasa regular de pago por todas las horas trabajadas en exceso de 40 en una semana laboral.

**TRABAJO DE MENORES DE EDAD**

El empleado tiene que tener por lo menos 16 años para trabajar en la mayoría de los trabajos no agrícolas y por lo menos 18 años para trabajar en los trabajos no agrícolas declarados peligrosos por la Secretaría de Trabajo. Los menores de 14 y 15 años pueden trabajar fuera del horario escolar en varias ocupaciones que no sean de manufactura, de minería, y que no sean peligrosas con ciertas restricciones al horario de trabajo. Se aplican distintos reglamentos al empleo agrícola.

**CRÉDITO POR PROPINAS**

Los empleadores de "empleados que reciben propinas" que cumplan con ciertas condiciones, pueden reclamar un crédito de salario parcial basado en las propinas recibidas por sus empleados. Los empleadores les tienen que pagar a los empleados que reciben propinas un salario en efectivo de por lo menos $2.13 por hora si ellos reclaman un crédito de propinas contra su obligación de pagar el salario mínimo. Si las propinas recibidas por el empleado combinadas con el salario en efectivo de por lo menos $2.13 por hora no equivalen al salario mínimo por hora, el empleador tiene que compensar la diferencia.

**MADRES LACTANTES**

La FLSA exige que los empleadores le proporcionen un tiempo de descanso razonable a la empleada que sea madre lactante y que esté sujeta a los requisitos de sobretiempo de la FLSA, para que la empleada se extraiga leche manualmente para su niño lactante por un año después del nacimiento del niño, cada vez que dicha empleada tenga la necesidad de extraerse leche. A los empleadores también se les exige que proporcionen un lugar, que no sea un baño, protegido de la vista de los demás y libre de la intrusión de los compañeros de trabajo y del público, el cual pueda ser utilizado por la empleada para extraerse leche.

**CUMPLIMIENTO**

El Departamento tiene la autoridad de recuperar salarios retroactivos y una cantidad igual en daños y perjuicios en casos de incumplimientos con el salario mínimo, sobretiempo y otros incumplimientos. El Departamento puede litigar y/o recomendar un enjuiciamiento criminal. A los empleadores se les pueden imponer sanciones pecuniarias civiles por cada incumplimiento deliberado o repetido de las disposiciones de la ley del pago del salario mínimo o de sobretiempo. También se pueden imponer sanciones pecuniarias civiles por incumplimiento con las disposiciones de la FLSA sobre el trabajo de menores de edad. Además, se pueden imponer sanciones pecuniarias civiles incrementadas por cada incumplimiento con el trabajo de menores que resulte en la muerte o una lesión seria de un empleado menor de edad, y tales evaluaciones pueden duplicarse cuando se determina que los incumplimientos fueron deliberados o repetidos. La ley también prohíbe tomar represalias o despedir a los trabajadores que presenten una queja o que participen en cualquier proceso bajo la FLSA.

**INFORMACIÓN ADICIONAL**

- Ciertas ocupaciones y ciertos establecimientos están exentos de las disposiciones del salario mínimo, y/o de las disposiciones del pago de sobretiempo.
- Se aplican disposiciones especiales a trabajadores de Samoa Americana, del Estado Libre Asociado de las Islas Marianas del Norte y del Estado Libre Asociado de Puerto Rico.
- Algunas leyes estatales proporcionan protecciones más amplias a los trabajadores; los empleadores tienen que cumplir con ambas.
- Algunos empleadores clasifican incorrectamente a sus trabajadores como "contratistas independientes" cuando en realidad son empleados según la FLSA. Es importante conocer la diferencia entre los dos porque los empleados (a menos que estén exentos) tienen derecho a las protecciones del salario mínimo y del pago de sobretiempo bajo la FLSA y los contratistas correctamente clasificados como independientes no lo tienen.
- A ciertos estudiantes de tiempo completo, estudiantes alumnos, aprendices, y trabajadores con discapacidades se les puede pagar menos que el salario mínimo bajo certificados especiales expedidos por el Departamento de Trabajo.

  

**DIVISIÓN DE HORAS Y SALARIOS**
DEPARTAMENTO DE TRABAJO DE LOS EE.UU.

1-866-487-9243
TTY: 1-877-889-5627
www.dol.gov/whd

WH1088 SPA   REV 07/16

# EMPLOYEE RIGHTS

## UNDER THE FAIR LABOR STANDARDS ACT

## FEDERAL MINIMUM WAGE

# $7.25 PER HOUR

### BEGINNING JULY 24, 2009

The law requires employers to display this poster where employees can readily see it.

**OVERTIME PAY**

At least 1½ times the regular rate of pay for all hours worked over 40 in a workweek.

**CHILD LABOR**

An employee must be at least 16 years old to work in most non-farm jobs and at least 18 to work in non-farm jobs declared hazardous by the Secretary of Labor. Youths 14 and 15 years old may work outside school hours in various non-manufacturing, non-mining, non-hazardous jobs with certain work hours restrictions. Different rules apply in agricultural employment.

**TIP CREDIT**

Employers of "tipped employees" who meet certain conditions may claim a partial wage credit based on tips received by their employees. Employers must pay tipped employees a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.

**NURSING MOTHERS**

The FLSA requires employers to provide reasonable break time for a nursing mother employee who is subject to the FLSA's overtime requirements in order for the employee to express breast milk for her nursing child for one year after the child's birth each time such employee has a need to express breast milk. Employers are also required to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by the employee to express breast milk.

**ENFORCEMENT**

The Department has authority to recover back wages and an equal amount in liquidated damages in instances of minimum wage, overtime, and other violations. The Department may litigate and/or recommend criminal prosecution. Employers may be assessed civil money penalties for each willful or repeated violation of the minimum wage or overtime pay provisions of the law. Civil money penalties may also be assessed for violations of the FLSA's child labor provisions. Heightened civil money penalties may be assessed for each child labor violation that results in the death or serious injury of any minor employee, and such assessments may be doubled when the violations are determined to be willful or repeated. The law also prohibits retaliating against or discharging workers who file a complaint or participate in any proceeding under the FLSA.

**ADDITIONAL INFORMATION**

- Certain occupations and establishments are exempt from the minimum wage, and/or overtime pay provisions.
- Special provisions apply to workers in American Samoa, the Commonwealth of the Northern Mariana Islands, and the Commonwealth of Puerto Rico.
- Some state laws provide greater employee protections; employers must comply with both.
- Some employers incorrectly classify workers as "independent contractors" when they are actually employees under the FLSA. It is important to know the difference between the two because employees (unless exempt) are entitled to the FLSA's minimum wage and overtime pay protections and correctly classified independent contractors are not.
- Certain full-time students, student learners, apprentices, and workers with disabilities may be paid less than the minimum wage under special certificates issued by the Department of Labor.



**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

**1-866-487-9243**
TTY: 1-877-889-5627
www.dol.gov/whd



WH1088   REV 07/16

**Scalia v. Weaver Racing Inc., et ano., 20-cv-3836-SJF-ARL**
**Consent Judgment – Exhibit C**

**Departamento De Trabajo de EEUU**
División de Horas y Salarios



(Octubre 2007)

## Hoja de datos #23: Requisitos para el pago de sobretiempo bajo la Ley de Normas Razonables de Trabajo

Esta ficha técnica ofrece información general con respecto a la aplicación de las disposiciones de la Ley de Normas Razonables de Trabajo (FLSA) para el pago de sobretiempo.

**Características**

Un empleador que requiere o permite que un empleado trabaje sobretiempo generalmente debe pagar al empleado una prima por el trabajo de sobretiempo.

**Requisitos**

A menos que estén expresamente exentos, los empleados bajo el alcance de la Ley deben recibir el pago de sobretiempo a una tasa no inferior a tiempo y medio de la tasa regular de pago del trabajador por cada hora trabajada en exceso de 40 en una semana laboral. La Ley no establece limitaciones con respecto al número de horas que los empleados mayores de 16 años pueden trabajar en una semana laboral. La Ley no requiere el pago de sobretiempo por trabajar los sábados, domingos, feriados o días de descanso como tales.

La Ley se aplica por semana laboral. La semana laboral de un empelado es un período fijo y regularmente recurrente de 168 horas, siete períodos consecutivos de 24 horas. No es necesario que coincida con una semana calendario, sino que puede comenzar en cualquier día y a cualquier hora. Se pueden establecer diferentes semanas laborales para diferentes empleados o grupos de empleados. No se permite un promedio de horas entre dos o más semanas. Por lo general, el pago de sobretiempo devengado en una semana en particular debe realizarse en el día de pago habitual para el período en el cual fue ganado.

La tasa regular de pago no puede ser inferior al salario mínimo. La tasa regular incluye toda remuneración por el empleo, excepto ciertos pagos excluidos por la Ley misma. Los pagos que no son parte de la tasa regular incluyen el pago de gastos incurridos en representación del empleador, pagos de primas por sobretiempo trabajado o las primas verdaderas pagadas por el trabajo en días sábados, domingos y feriados, bonos discrecionales, obsequios y pagos en forma de obsequio en ocasiones especiales, y pagos por períodos ocasionales cuando no se realiza trabajo debido a vacaciones, feriados o enfermedad.

Las ganancias pueden determinarse en base a destajo o por pieza, salario, comisión u otros criterios, pero en todos los casos el pago de sobretiempo adeudado deberá computarse en base a la tasa por hora promedio derivada de tales ganancias. Esto se calcula dividiendo el pago total por empleo (con la excepción de las exclusiones nombradas por ley mencionadas anteriormente) en cualquier semana laboral por el número total de horas realmente trabajadas.

Cuando un empleado en una sola semana laboral realiza dos o más tipos diferentes de trabajo para los cuales se han establecido diferentes tasas regulares de pago, la tasa regular para esa semana se determinará calculando el promedio de tales tasas. Es decir, las ganancias de tales tasas se suman y el total se divide por el número total de horas trabajadas en todas las funciones. Adicionalmente, el artículo 7(g)(2) de la FLSA permite, bajo ciertas condiciones, el cálculo del pago de sobretiempo basado en tiempo y medio de la tasa de pago vigente en el

FS 23-SP

momento de trabajarse el sobretiempo. Los requisitos para el cálculo del pago de horas extra según el artículo 7(g)(2) figuran en 29 CFR 778.415 hasta 778.421.

Cuando se realizan pagos que no sean en efectivo, en forma de mercaderías o servicios, el costo razonable para el empleador o el valor de tales bienes o servicios debe incluirse en la tasa regular.

**Problemas típicos**

Suma fija para cantidades variables de sobretiempo: un monto por trabajo realizado durante las horas de sobretiempo sin tener en cuenta el número de horas de sobretiempo trabajadas no se considera una prima de sobretiempo aunque la cantidad de dinero pagada sea igual o mayor a la suma adeudada basada en la tasa por hora. Por ejemplo, ninguna parte de un monto de $180 para empleados que trabajan sobretiempo un domingo se considerará como una prima de sobretiempo, aunque la tasa por hora de los empleados sea de $12.00 la hora y los empleados siempre trabajen menos de 10 horas el domingo. Del mismo modo, cuando un acuerdo establece un pago de 6 horas a $13.00 por hora independientemente del tiempo real dedicado al trabajo realizado durante las horas de sobretiempo, la totalidad de los $78.00 debe incluirse para determinar la tasa regular de los empleados.

Salario para la semana laboral que excede las 40 horas: un salario fijo por una semana laboral regular que exceda las 40 horas no representa una exención de las obligaciones establecidas en la FLSA. Por ejemplo, un empleado puede ser contratado para trabajar 45 horas por semana laboral por un salario semanal de $405. En este caso la tasa regular que se obtiene dividiendo los $405 del salario directo por 45 horas es de $9.00. Entonces al empleado se le adeuda el pago de sobretiempo adicional calculado multiplicando las 5 horas de sobretiempo por la mitad de la tasa regular de pago ($4.50 x 5 = $22.50).

No se puede renunciar al pago de sobretiempo: no se puede renunciar al requisito de sobretiempo por un acuerdo entre empleador y empleados. Un acuerdo que establezca que sólo se computarán como horas trabajadas 8 horas por día o sólo 40 horas a la semana tampoco cumple con la Ley de Normas Razonables de Trabajo. Un anuncio por parte del empleador estableciendo que no se permitirá trabajar sobretiempo, o que el sobretiempo no se pagará a menos que sea autorizado por adelantado, tampoco cercenará el derecho del trabajador a una retribución por las horas de sobretiempo trabajadas.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio en la Red de Horas y Salarios: http://www.wagehour.dol.gov o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto brindar información general y no deberá ser considerada del mismo tenor que las declaraciones oficiales de postura contenidas en los reglamentos.  La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es brindar únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-877-889-5627
Comuníquese con nosotros



**U.S. Department of Labor**
Wage and Hour Division

U.S. Wage and Hour Division
(Revised October 2019)

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

**Characteristics**

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

**Requirements**

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in <u>29 CFR 778.415</u> through <u>778.421</u>.

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

**Typical Problems**

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-866-487-9243
**Contact Us**